OSCN Found Document:STATE v. BRADFORD

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 STATE v. BRADFORD
2024 OK CR 3
Case Number: S-2023-720
Decided: 03/07/2024
THE STATE OF OKLAHOMA, Appellant v. DARREN D. BRADFORD, Appellee

Cite as: 2024 OK CR 3, __ __

 

O P I N I O N
MUSSEMAN, VICE PRESIDING JUDGE:
¶1 The State charged Appellee, Darren D. Bradford, in the District Court of Bryan County, Case No. CF-2022-206, with Murder in the Second Degree, in violation of 21 O.S.2021, § 701.8, or in the alternative, either Manslaughter in the First Degree, death caused by a person engaged in a misdemeanor, in violation of 21 O.S.2021, § 711(1), or Manslaughter in the First Degree, heat of passion, in violation of 21 O.S.2021, § 711(2).
¶2 Appellee filed a motion for immunity and request for hearing pursuant to 21 O.S.2021, § 1289.25(F)[1] on the day of his preliminary hearing.[2] Appellee also filed a motion to quash after being bound over for trial at preliminary hearing. Both matters came on for hearing before the Honorable Abby C. Rogers, Associate District Judge. After incorporating the transcript and exhibits from the preliminary hearing and the presentation of evidence, Judge Rogers found Appellee was entitled to immunity and granted Appellee's motion to quash. It is from this order the State appeals raising the following two propositions of error:
I. whether the trial court committed error in an abuse of discretion in finding that the Appellee seeking pre-trial immunity proved by a preponderance of the evidence that his use of deadly force was legally justified; and
II. whether, in granting the motion to quash, the trial court committed error in determining that the preliminary hearing magistrate improperly found probable cause to hold the Appellee for trial.
¶3 We affirm the trial court's order finding immunity pursuant to Title 21, Section 1289.25(F).
[3] 

FACTS

¶4 Appellee shot and killed his half-brother, Willie Berry, on August 14, 2022, as Appellee and his sister, Ronda Hayden, were leaving the residence in Appellee's vehicle. Earlier that day, Appellee and Hayden learned from Mr. Berry's wife, Shelia Berry, that there was an ongoing domestic altercation between Mr. and Mrs. Berry, and that Mr. Berry was punching holes in the wall and throwing glass. While Mr. and Mrs. Berry resided in the home, all three of the siblings (Appellee, Mr. Berry, and Hayden) owned the home in trust. Appellee and Hayden decided to visit the home purportedly to ensure Mr. Berry was not damaging the home and stop Mr. and Mrs. Berry fighting in front of the minor children residing in the home.
¶5 Upon arriving outside the home, Appellee and Mr. Berry immediately engaged in a verbal altercation that became physical. While Appellee was aware Mr. Berry owned a firearm, he did not believe he had it on his person during this altercation. At some point during this altercation, Appellee drew a firearm, displaying it to Mr. Berry, because Appellee believed Mr. Berry to possess a knife. Furthermore, Mr. Berry purportedly told Appellee that he was going to kill him, and Appellee believed this threat. The altercation ended with Mr. Berry on the ground inside the home's screened in porch with Mr. Berry saying, "I have something for you," followed by Mr. Berry entering the home. Appellee and Hayden decided to leave and retreated to Appellee's vehicle and started driving down the public road.
¶6 Leaving the home, Appellee made a left hand turn after coming to a stop at the intersection near the residence when both Appellee and Hayden heard a gunshot, causing them to stop the vehicle and duck within for cover. Both Appellee and Hayden believed Mr. Berry was shooting at them.[4] In response, Appellee retrieved his .38 revolver and got out of the vehicle. Appellee testified that he believed Mr. Berry was shooting at Hayden and him and, due to Hayden's scream after the gunshot, that she had been hit by the gunfire.[5] Appellee was also concerned Mr. Berry was going to shoot the gas tank. Appellee testified that he knew he was going to get shot but was trying to protect Hayden and himself. Upon exiting the vehicle, Appellee saw Mr. Berry standing with his arms at shoulder height and believed him to be holding a firearm, though he could not see one.[6] Appellee fired several shots at Mr. Berry, then returned to his vehicle and left the scene. Shortly thereafter, Appellee drove to the local police station to surrender himself.

ANALYSIS
¶7 As an initial matter, we exercise jurisdiction under 22 O.S.Supp.2022, § 1053(7) over the State's appeal of the trial court's order finding Appellee immune from prosecution. The State contends that the trial court abused its discretion when it found that Appellee had met his burden of proof and was entitled to immunity pursuant to 21 O.S.2021, § 1289.25(F). We disagree.
¶8 The State takes issue with whether Appellee was attacked and whether Appellee reasonably believed it necessary to use deadly force, largely arguing that conflicting evidence supports the case proceeding to jury trial. However, the immunity hearing contemplated by Section 1289.25 is not simply a summary judgment on self-defense. When a defendant invokes statutory immunity under Title 21, Section 1289.25(F), the court must hold a pre-trial hearing to determine if the preponderance of the evidence warrants immunity. Reynolds v. State, 2022 OK CR 14, ¶ 15, 516 P.3d 249, 255. The district court must weigh and decide factual disputes as to the defendant's use of force to determine whether to dismiss the case based on statutory immunity. See id. 2022 OK CR 14, ¶ 16, 516 P.3d at 256. The defendant has the burden of proof on the issue of whether immunity attaches to his or her actions. Id. 2022 OK CR 14, ¶ 15, 516 P.3d at 255 (holding defendant has the burden of proof to show, by a preponderance of the evidence, that his or her use of allegedly defensive force was legally justified).
¶9 On appeal, we review the district court's ruling for an abuse of discretion. Id. 2022 OK CR 14, ¶ 12, 516 P.3d at 255. We "will find an abuse of discretion only where the district court's ruling was a clearly erroneous conclusion made without proper consideration of the relevant facts and law." Id. See generally Rules 16.1, et seq., Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2024) (rules and procedures governing hearings on, and appeals from, orders granting or denying, immunity from prosecution pursuant to Title 21, Section 1289.25(F)).
¶10 Here, the trial court evaluated Appellee's claim of immunity under Title 21, Section 1289.25(D).[7] The trial court found Appellee demonstrated by a preponderance of the evidence that (1) he was not engaged in an unlawful activity; (2) he was on a public roadway when he was attacked by Mr. Berry, a place where he had a right to be; and (3) he reasonably believed it necessary to use deadly force to prevent death or great bodily harm to himself and/or Hayden. As a result, Appellee "ha[d] no duty to retreat and ha[d] the right to stand his . . . ground and meet force with force, including deadly force. . . ." 21 O.S.Supp.2022, § 1289.25(D).
¶11 The trial court complied with the procedure required for pre-trial motions alleging immunity under Section 1289.25(F). It held an evidentiary hearing, considered all testimony and exhibits introduced both at the immunity hearing and the preliminary hearing to resolve disputed issues of fact, and found the preponderance of the evidence supported immunity. Such evidence included Mr. Berry's recent threat to kill Appellee, Mr. Berry saying he had something for Appellee as he went into the house, both Appellee and Hayden believing Mr. Berry shot at them and taking cover in the vehicle, and that Appellee returned fire at Mr. Berry. Moreover, Appellee saw Mr. Berry with his arms at shoulder height and believed he had a firearm, though he could not see it, and believed Hayden had been struck by Mr. Berry's gunfire. The trial court's ruling was not an abuse of discretion based on the record before it. Accordingly, the State's claim is denied.

DECISION
¶12 The ruling of the trial court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2024), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF BRYAN COUNTY,
THE HONORABLE ABBY C. ROGERS,
ASSOCIATE DISTRICT JUDGE

APPEARANCES IN
DISTRICT COURT

APPEARANCES ON APPEAL

TIM R. WEBSTER
DISTRICT ATTORNEY
117 NORTH THIRD ST.
DURANT, OK 74701
ATTORNEY FOR STATE

TIM R. WEBSTER
DISTRICT ATTORNEY
117 NORTH THIRD ST.
DURANT, OK 74701
ATTORNEY FOR APPELLANT

DANIEL B. POND
ZACK SIMMONS
SWAIN LAW GROUP
217 E. MAIN STREET
NORMAN, OK 73069
ATTORNEY FOR DEFENDANT

DANIEL B. POND
SWAIN LAW GROUP
217 E. MAIN STREET
NORMAN, OK 73069
ATTORNEY FOR APPELLEE

OPINION BY: MUSSEMAN, V.P.J.
ROWLAND, P.J.: CONCUR
LUMPKIN, J.: SPECIALLY CONCUR
LEWIS, J.: CONCUR
HUDSON, J.: SPECIALLY CONCUR
FOOTNOTES
[1] Section 1289.25(F) states:
A person who uses defensive force, as permitted pursuant to the provisions of subsections A, B, D and E of this section, is justified in using such defensive force and is immune from criminal prosecution and civil action for the use of such defensive force. As used in this subsection, the term "criminal prosecution" includes charging or prosecuting the defendant.
[2] We note Appellee sought immunity in the district court before this Court's enactment of Rule 16.2, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2023), which requires such motion to be filed at least ten days prior to the prleiminary hearing.
[3] This Court's finding that the trial court did not abuse its discretion in finding Appellee was entitled to immunity pursuant to Title 21, Section 1289.25(F), render's the State's second proposition of error moot.
[4] Plastic shotshell wadding was later found in the grass near where the vehicle was located at the time of the shooting.
[5] Hayden was not injured.
[6] Mr. Berry's body was found with a double barrel, break-open style, 12-gauge shotgun. The firearm was found in a broke open position with one barrel loaded with a live shell and the other one empty. Furthermore, there were several unfired shells, along with one spent shell casing, on the ground nearby.
[7] Section 1289.25(D) states:
A person who is not engaged in an unlawful activity and who is attacked in any other place where he or she has a right to be has no duty to retreat and has the right to stand his or her ground and meet force with force, including deadly force, if he or she reasonably believes it is necessary to do so to prevent death or great bodily harm to himself or herself or another or to prevent the commission of a forcible felony.

LUMPKIN, JUDGE: SPECIALLY CONCURRING
¶1 I concur in the application of this Court's rules as they now apply to the statutory procedures contained in 22 O.S.Supp.2022, § 1053(7), allowing this Court to hear appeals by either party when a District Court renders a ruling on the issue of statutory "immunity." This Court previously set out the procedure in Reynolds v. State, 2022 OK CR 14, 516 P.3d 249.
¶2 In this case, the District Court and this Court in its opinion properly applied the provisions of both the Stand Your Ground law and the procedure for application of its provisions. I write to continue to reiterate that the statutory use of the word "immunity" to describe what the statute provides is inconsistent with other statutory definitions and the historical use of the term "immunity" in its legal implication. See Reynolds, 2022 OK CR 14, ¶¶ 3-4, 516 P.3d at 259-60, Lumpkin, J., specially concurring. As I pointed out in Reynolds, the proper method when addressing a claim arising under Section 1289.25, utilizing consistent terminology, calls for questioning "whether the use of deadly force is 'justified' when the requirements of the statute are met." Id., 2022 OK CR 14, ¶ 4, 516 P.3d at 260. In these cases, the question is not whether the defendant is immune from prosecution, because only the executive branch, not the judicial branch, has the inherent authority to grant immunity. Hopefully, at some point the Oklahoma Legislature will rectify this legal inconsistency in use of the term "immunity."
¶3 I am authorized to state that Judge Hudson joins me in this separate writing.
 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
2022 OK CR 14, 516 P.3d 249, 
REYNOLDS v. STATE
Discussed at Length

Title 21. Crimes and Punishments

 
Cite
Name
Level

 
21 O.S. 701.8, 
Second Degree Murder
Cited

 
21 O.S. 711, 
First Degree Manslaughter
Discussed

 
21 O.S. 1289.25, 
Physical or Deadly Force Against Intruder
Discussed at Length

Title 22. Criminal Procedure

 
Cite
Name
Level

 
22 O.S. 1053, 
State or Municipality May Appeal in What Cases
Discussed

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA