OSCN Found Document:RADFORD v. STATE

 

 
 RADFORD v. STATE2026 OK CR 6Case Number: F-2025-330Decided: 02/05/2026Mandate Issued: 02/05/2026THE COURT OF CRIMINAL APPEALS OF THE STATE OF OKLAHOMA
Cite as: 2026 OK CR 6, __ P.3d __

 

TROY RADFORD, Appellant,
v.
THE STATE OF OKLAHOMA, Appellee.

SUMMARY OPINION

MUSSEMAN, VICE PRESIDING JUDGE:

¶1 Appellant, Troy Radford, appeals the denial of his motion seeking pretrial immunity from prosecution pursuant to 21 O.S.2021, § 1289.2521 O.S.2021, § 652

¶2 The Honorable Kory Kirkland, District Judge, presided over Appellant's immunity hearing. Judge Kirkland found Appellant failed to meet his burden of proof and denied Appellant's motion to dismiss due to immunity. Appellant timely appealed, raising two propositions.

¶3 We affirm the trial court's order denying immunity pursuant to Title 21, Section 1289.25(D) and (F).

ANALYSIS

¶4 As an initial matter, we exercise jurisdiction over Appellant's interlocutory appeal from the trial court's denial of his pretrial motion for immunity pursuant to 22 O.S.Supp.2022, § 1051

¶5 On appeal from a denial of immunity, we generally review the trial court's ruling for an abuse of discretion. Reynolds v. State, 2022 OK CR 14516 P.3d 249Id.; see generally Rules 16.1, et seq., Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2026) (rules and procedures governing hearings on, and appeals from, orders granting or denying immunity from prosecution pursuant to Title 21, Section 1289.25(F)).

Section 1289.25(D), provides:

A person who is not engaged in an unlawful activity and who is attacked in any other place where he or she has a right to be has no duty to retreat and has the right to stand his or her ground and meet force with force, including deadly force, if he or she reasonably believes it is necessary to do so to prevent death or great bodily harm to himself or herself or another or to prevent the commission of a forcible felony.

21 O.S.2021, § 1289.25State v. Bradford, 2024 OK CR 3545 P.3d 731Reynolds v. State, 2022 OK CR 14 The district court must weigh and decide factual disputes as to the defendant's use of force to determine whether to dismiss the case based on statutory immunity. See Reynolds, 2022 OK CR 14Bradford, 2024 OK CR 3Id. at ¶ 15, 516 P.3d at 255 (holding defendant has the burden of proof to show, by a preponderance of the evidence, that his use of allegedly defensive force was legally justified).

¶6 Judge Kirkland properly complied with the procedure required for pretrial immunity motions by holding an evidentiary hearing where he considered all testimony and exhibits introduced before finding that the evidence presented did not meet Appellant's burden. The parties' arguments during the hearing focused on whether Appellant had the right to be on the property where the shooting occurred and whether the unarmed victim's action of reaching for a firearm supported Appellant's assertion that he was attacked. In acknowledging that the immunity hearing required him to sit as fact finder and to place the burden of proof on the defendant, Judge Kirkland applied the preponderance of the evidence standard and evaluated each element of Section 1289.25 separately. Judge Kirkland weighed the evidence, and the record supports his finding that Appellant showing he had a fear that the victim was reaching for a gun intending to use it differs from Appellant's burden of showing that he was being attacked before he shot the victim. This finding alone resolves the issue of immunity. As the finding that Appellant was not attacked is dispositive in this case, it is unnecessary for us to resolve Appellant's more difficult, underdeveloped and conclusory claim that Judge Kirkland improperly found he had no right to be on the property where the shooting occurred. 

¶7 Notwithstanding the merits of Appellant's claim, the newness of the process in these interlocutory appeals, often handled by trial practitioners unfamiliar with the appellate process, also makes it crucial for us to draw attention to our rules and impress the import of following the process required to appeal a district court's ruling on a claim of immunity. See Rule 16.1-16.4, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2026). Rule 16.1 points out that other rules of this Court may also apply. Particularly relevant to this appeal, Rule 3.5(A)(5) and (C)(6) further require an appellant to set out his argument "supported by citations to the authorities, statutes, and parts of the record" or forfeit the issue on appeal. Rule 3.5, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2026). Moreover, "[t]he rule is well established in Oklahoma that a failure to cite authority in support of a contention is insufficient to raise the issue for consideration by the reviewing court." Wilson v. State, 1987 OK CR 86737 P.2d 1197

¶8 Appellant's claims are denied as Judge Kirkland did not abuse his discretion in denying Appellant's requested dismissal, as well as, being forfeited for failure to comply with our rules.

DECISION

¶9 The ruling of the district court is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2026), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF CADDO COUNTY,
THE HONORABLE KORY KIRKLAND, DISTRICT JUDGE

 
 
 APPEARANCES AT TRIAL
 
 RYLAND L. RIVAS, SR.
 RYLAND L. RIVAS, II
 ATTORNEYS AT LAW
 628 WEST CHOCTAW AVE.
 CHICKASHA, OK 73018
 ATTORNEYS FOR DEFENDANT
 APPEARANCES ON APPEAL
 
 RYLAND L. RIVAS
 ATTORNEY AT LAW
 628 WEST CHOCTAW AVE.
 CHICKASHA, OK 73018
 ATTORNEY FOR APPELLANT
 
 
 
 MATTHEW NIEMAN
 ASST. DISTRICT ATTORNEY
 110 SW 2ND ST., SUITE 106
 ANADARKO, OK 73005
 COUNSEL FOR STATE
 
 MATTHEW NIEMAN
 ASST. DISTRICT ATTORNEY
 110 SW 2ND ST., SUITE 106
 ANADARKO, OK 73005
 COUNSEL FOR APPELLEE
 
 

OPINION BY: MUSSEMAN, V.P.J.
LUMPKIN, P.J.: Specially Concurs
LEWIS, J.: Concur
HUDSON, J.: Concur
ROWLAND, J.: Concur

FOOTNOTES

See Kerr v. State, 1987 OK CR 136738 P.2d 1370Sullivan v. State, 1986 OK CR 39716 P.2d 684

LUMPKIN, PRESIDING JUDGE: SPECIALLY CONCURRING

¶1 I agree with the application of this Court's rules regarding waiver to resolve this case. I write to emphasize that while the opinion's recitation of the factual background in this case provides some context underlying the Court's waiver ruling, it is the requirements of our rules which appellate counsel must focus upon in drafting his or her brief on appeal.

¶2 In this case, Appellant failed to comply with Rule 3.5(A)(5), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2026), by failing to cite relevant authority and adequately develop his argument that the trial court abused its discretion in denying him statutory immunity. As we set forth in Brandon Dingman v. State of Oklahoma, F-2022-653, and Joshua Lee Taylor v. State of Oklahoma, F-2022-654, November 16, 2023, both unpublished, failure to comply with this rule results in waiver of the issue on appeal. See Knapper v. State, 2020 OK CR 16473 P.3d 1053Davis v. State, 2018 OK CR 7419 P.3d 271

¶3 Hopefully, this explanation by the Court will educate and aid appellate attorneys to become more proficient in their appellate practice. Such education and aid should also lead to the enhancement of their client representation in appeals to this Court in the future.